

# IN THE 26TH JUDICIAL CIRCUIT COURT, CAMDEN COUNTY, MISSOURI

| Judge or Division: | Case Number: 14CM-CC00184 | |
|---|---|---|
| Plaintiff/Petitioner:<br><br>J.S.<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRETT THOMAS VOTAVA<br>233 W 47TH STREET<br>KANSAS CITY, MO 64112 | |
| Defendant/Respondent:<br>LAKE REGIONAL HEALTH SYSTEM | Court Address:<br>CAMDEN COUNTY COURTHOUSE<br>1 COURT CIRCLE, STE 8<br>CAMDENTON, MO 65020 | |
| Nature of Suit:<br>CC Pers Injury-Malpractice | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: ROBERT C NIELSEN DO
Alias:

3870 COLUMBIA AVE
OSAGE BEACH, MO 65065

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____10.9.14_____        _____
Date                                    Clerk

*CAMDEN COUNTY*    Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                         Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____        _____
                                          Date                                      Notary Public

**Sheriff's Fees**
| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $___10.00___ | |
| Mileage | $_____ (___ miles @ $_____ per mile) | |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# ATTACHMENT A

Case 2:15-cv-04083-NKL   Document 1-1   Filed 04/24/15   Page 1 of 16

IN THE CIRCUIT COURT OF CAMDEN COUNTY, MISSOURI

JAMIE and NATHAN SEARCY, )
Individually, and JAMIE SEARCY )
as Next Friend of minor J.S., )
)
) Case No. 14CN-CC00164
) Division _____
Plaintiffs, )
)
v. )
)
LAKE REGIONAL HEALTH SYSTEM, )
Serve Registered Agent: )
Michael E. Henze )
54 Hospital Drive )
Osage Beach, MO 65065, )
)
and )
)
ROBERT NIELSEN, D.O., )
Serve at: )
Central Ozarks Medical Center )
at the Lake )
3870 Columbia Ave. )
Osage Beach, Missouri 65065, )
)
Defendants. )

Nielsen, MD

## PLAINTIFFS' PETITION FOR DAMAGES

COME NOW Plaintiffs Jamie and Nathan Searcy, individually, and Jamie Searcy as Next

Friend of minor J.S., by counsel, and for their causes of action against Defendants,

allege and state as follows:

## PLAINTIFF JAMIE SEARCY

1. At the time of the negligent acts and occurrences complained of herein and at all

times mentioned, Plaintiff Jamie Searcy has been an adult over eighteen years of age and a

resident of Camdenton, Camden County, Missouri.

2.     At the time of the negligent acts and occurrences complained of herein and at all times mentioned, Plaintiff Jamie Searcy was the natural mother of minor Plaintiff J.S.

## PLAINTIFF NATHAN SEARCY

3.     At the time of the negligent acts and occurrences complained of herein and at all times mentioned, Plaintiff Nathan Searcy has been an adult over eighteen years of age and a resident of Camdenton, Camden County, Missouri.

4.     At the time of the negligent acts and occurrences complained of herein and at all times mentioned, Plaintiff Nathan Searcy was the natural father of minor Plaintiff J.S.

## PLAINTIFF    J.S.    BY NEXT FRIEND JAMIE SEARCY

5.     At the time of the negligent acts and occurrences complained of herein and at all times mentioned, Plaintiff    J.S.    has been a minor child under eighteen years of age.

6.     Jamie Searcy is the natural mother of Plaintiff    J.S.    , and as such, is a proper party to be appointed by the Court as Next Friend of minor Plaintiff    J.S.    for the purpose of pursuing Plaintiff.    J.S.    ; causes of action against the above-named Defendants.

7.     A Motion for Appointment of Jamie Searcy as Next Friend of minor Plaintiff

J.S.    has been filed with this Petition for Damages.

## DEFENDANT LAKE REGIONAL HEALTH SYSTEM

8.     At the time of the negligent acts and occurrences complained of herein and at all times mentioned, Defendant Lake Regional Health System (hereinafter "Defendant Hospital")

2

has been a Missouri corporation duly organized and existing under the laws of the State of Missouri and engaged in providing medical care and treatment to persons afflicted with illness, disease or pregnancy such as that provided to Plaintiffs.

**DEFENDANT ROBERT NEILSEN, D.O.**

9.     At the time of the negligent acts and occurrences complained of herein and at all times mentioned, Defendant Robert Nielsen, D.O. (hereinafter "Defendant Nielsen") has been a Missouri licensed physician in the practice of obstetrics and gynecology representing and holding himself out to the public, and in particular to Plaintiffs, as such.

10.     At the time of the negligent acts and occurrences complained of herein and at all times mentioned, Defendant Nielsen was an employee of Defendant Hospital.

**AGENCY**

11.     At the time of the negligent acts and occurrences complained of herein and at all times mentioned, Defendant Hospital was acting by and through its actual, ostensible or apparent agents and employees, including but not limited to Defendant Nielsen and labor and delivery nurses, in providing medical care and treatment to Plaintiffs.

12.     At the time of the negligent acts complained of herein and at all times mentioned, Defendant Hospital's actual and apparent agents and employees, including but not limited to Defendant Nielsen and labor and delivery nurses, were acting within the course and scope of their employment in providing medical care to Plaintiffs.

3

**VENUE AND JURISDICTION**

13.     Venue and jurisdiction are proper in this Court pursuant to RSMo. §508.010 as the negligent acts complained of herein occurred in Camden County, Missouri and Defendant Hospital maintains a registered agent in Camden County, Missouri.

**FACTS OF THE OCCURRENCE**

14.     In 2012, twenty-five year old Plaintiff Jamie Searcy was pregnant with Plaintiff

15.     Defendant Nielsen managed the pregnancy.

16.     Jamie had delivered two previous children by caesarian section (c-section).

17.     The estimated due date for baby   J.S.     was             2012.

18.     Defendant Nielsen agreed to attempt to deliver baby   J.S.    vaginally.

19.     In a mother who has previously delivered a baby by c-section, a subsequent vaginal delivery is called a VBAC (Vaginal Birth After Caesarian) delivery.

20.     One concern during a VBAC delivery is uterine rupture - whereby the uterus breaks open at the old c-section scar.

21.     If a uterine rupture occurs during a VBAC delivery, an emergency c-section is necessary to prevent life-threatening harm to mom and baby such as blood loss and lack of oxygen.

22.     Pregnant mothers attempting VBAC are monitored continuously during labor by electronic fetal monitoring because a change in the baby's heartbeat is usually the earliest sign of a problem and the baby's health needs to be monitored.

23.     Electronic fetal monitoring detects and records both mom and baby's heartbeats.

4

24.    At approximately 6:45 p.m. on           , 2012, Jamie was admitted to
Defendant Hospital by Defendant Nielsen for induction of labor and delivery of baby

25.    Electronic fetal monitoring was affixed to Jamie's abdomen.

26.    Induction of labor and delivery was initiated by artificial rupture of Jamie's
membranes at approximately 8:20 p.m. on           , 2012.

27.    At approximately 7:30 a.m. the next morning on              , 2012, a medication
called Pitocin was started per Defendant Nielsen's order to expedite Jamie's labor.

28.    By approximately 9:00 a.m., electronic fetal heart monitoring began identifying
negative changes in baby  J.S.    heartbeat.

29.    At approximately 9:59 a.m., labor and delivery nurses put Jamie in the operating
room and requested STAT assistance for an emergency c-section to deliver baby   J.S.   .

30.    Defendant Nielsen arrived in the operating room at approximately 10:08 a.m.

31.    At 10:11 a.m., Defendant Nielsen delivered baby  J.S.    via emergency c-
section.

32.    During the c-section, Defendant Nielsen discovered that Jamie had a uterine
rupture and the prior c-section scar on her uterus had opened up.

33.    Upon delivery, Baby  J.S.    had no respirations and was limp and blue-colored
due to insufficient oxygen.

34.    Baby  J.S.    underwent resuscitation efforts and was transferred to University of
Missouri Children's Hospital where she was eventually diagnosed with cerebral palsy and brain
damage from a lack of oxygen during labor and delivery.

5

## COUNT I
### (Medical Negligence v. All Defendants)

COME NOW Plaintiff    J.S.    , by her Next friend Jamie Searcy, and Plaintiff Jamie Searcy, individually, by counsel, and for Count I against Defendants, state and allege as follows:

35.    Plaintiffs hereby incorporates paragraphs 1 through 34 above, as though fully set forth herein.

### DEFENDANT HOSPITAL'S ACTS AND OCCURRENCES OF NEGLIGENCE

36.    At the time of the negligent acts and occurrences complained of herein and at all times mentioned, Defendant Hospital, by and through its actual, ostensible and apparent agents and employees, including but not limited to labor and delivery nurses, as licensed health care providers holding themselves out to the public, and in particular to Plaintiffs, as a health care providers in the field of obstetrical nursing, had a duty to possess and use that degree of skill and learning ordinarily used under the same or similar circumstances by members of their profession in the care and treatment of Plaintiffs.

37.    Defendant Hospital breached its duty and is responsible for the following acts and occurrences of negligence and carelessness:

a. In negligently and carelessly failing to timely identify negative changes in electronic fetal monitoring of Jamie and/or    J.S.    ;

b. In negligently and carelessly failing to timely recognize the significance of negative changes in electronic fetal monitoring of Jamie and/or    J.S.    ;

c. In negligently and carelessly failing to timely monitor the electronic fetal monitoring of Jamie and/or    J.S.    ;

6

d. In negligently and carelessly failing to timely notify a physician, including but not limited to Defendant Nielsen, of negative changes in electronic fetal monitoring of Jamie and/or J.S. ;

e. In negligently and carelessly failing to timely perform proper resuscitative measures during the labor of J.S. ;

f. In negligently and carelessly failing to have proper policies in place regarding the performance of attempted VBAC deliveries;

g. In negligently and carelessly failing to timely involve/advise a pediatrician of a pending VBAC delivery attempt; and

h. In negligently and carelessly failing to measure up the requisite standards of due care and skill required and observed by licensed health care providers and in further particulars presently unknown to Plaintiffs but which are verily believed and alleged, will be disclosed upon proper discovery procedures during the course of this litigation.

## DEFENDANTS HOSPITAL AND NIELSEN'S ACTS AND OCCURRENCES OF NEGLIGENCE

38.    At the time of the negligent acts and occurrences complained of herein and at all times mentioned, Defendant Hospital, by and through its actual, ostensible and apparent agents and employees, including but not limited to Defendant Nielsen, and Defendant Nielsen individually, as a licensed physician holding himself out to the public, and in particular to Plaintiffs, as a specialist in the field of obstetrics, had a duty to possess and use that degree of skill and learning ordinarily used under the same or similar circumstances by members of his profession and specialty in the care and treatment of Plaintiffs.

7

39.     Defendants Hospital and Nielsen breached their duty and are responsible for the following acts and occurrences of negligence and carelessness:

a.  In negligently and carelessly choosing to attempt a VBAC delivery of Plaintiff J.S.      ;

b.  In negligently and carelessly performing a VBAC delivery of      J.S.      ;

c.  In negligently and carelessly failing to timely identify negative changes in electronic fetal monitoring of Jamie and/or      J.S.      ;

d.  In negligently and carelessly failing to timely recognize the significance of negative changes in electronic fetal monitoring of Jamie and/or      J.S.      ;

e.  In negligently and carelessly failing to timely monitor the electronic fetal monitoring of Jamie and/or      J.S.      ;

f.  In negligently and carelessly failing to be readily available during VBAC labor and delivery in case of a medical emergency;

g.  In negligently and carelessly failing to timely respond to ominous signs on the electronic fetal monitoring of Jamie and/or      J.S.      ;

h.  In negligently and carelessly failing to properly monitor Jamie Searcy during her labor and delivery of      J.S.      ;

i.  In negligently and carelessly failing to timely involve/advise a pediatrician of a pending VBAC delivery attempt

j.  In negligently and carelessly failing to timely perform a cesarean section to deliver      J.S.      ; and

8

k. In negligently and carelessly failing to measure up the requisite standards of due care and skill required and observed by licensed physicians and in further particulars presently unknown to Plaintiffs but which are verily believed and alleged, will be disclosed upon proper discovery procedures during the course of this litigation.

**PLAINTIFF**      J.S.'s      **; INJURIES**

40. As a direct and proximate result of the carelessness and negligence of Defendants, as more fully set forth above, Plaintiff     J.S.     suffered the following severe, permanent and progressive injuries:

a. Hypoxia (oxygen deprivation);

b. Permanent, irreversible, debilitating and disabling brain damage;

c. Quadriplegic cerebral palsy;

d. Developmental delays, including but not limited to, lack of motor control and inability to feed herself; and

e. Physical pain and suffering and mental anguish consistent with persons diagnosed with cerebral palsy.

**PLAINTIFF**      J.S.'s      **DAMAGES**

41. As a direct and proximate result of the carelessness and negligence of Defendants, as more fully set forth above, Plaintiff     J.S.     sustained severe, permanent, devastating and progressive injuries to her brain.

9

42.     As a direct and proximate result of the carelessness and negligence of Defendants, as more fully set forth above, Plaintiff J.S. has been caused to experience great physical pain and mental anguish and she will continue to suffer.

43.     As a direct and proximate result of the carelessness and negligence of Defendants, as more fully set forth above, Plaintiff J.S. has been caused and will be caused to suffer embarrassment, anguish and humiliation consistent with persons who have been diagnosed with and suffer from cerebral palsy.

44.     As a direct and proximate result of the carelessness and negligence of Defendants, as more fully set forth above, Plaintiff J.S. will suffer lost wages into the future as an individual diagnosed with and suffering from cerebral palsy.

45.     As a direct and proximate result of the negligence and carelessness of Defendants, as set forth more fully above, Plaintiff J.S. has required past medical care and will require future medical care consistent with persons diagnosed with cerebral palsy.

46.     As a direct and proximate result of the negligence and carelessness of Defendants, as set forth more fully above, Plaintiff J.S. has incurred past medical costs and will incur future medical costs consistent with persons diagnosed with cerebral palsy.

47.     As a direct and proximate result of the negligence and carelessness of Defendants, as set forth more fully above, Plaintiff J.S. has suffered the loss of the use and enjoyment of various physical capacities and the loss of enjoyment of life.

48.     As a direct and proximate result of the negligence and carelessness of Defendants, as set forth more fully above, Plaintiff J.S. will need assistance with activities of daily living and household tasks for the rest of her life.

10

**PLAINTIFFS JAMIE AND NATHAN SEARCY'S DAMAGES**

49. As a direct and proximate result of the negligence and carelessness of Defendants, as set forth more fully above, Plaintiffs Jamie and Nathan Searcy have incurred past medical and other costs for the medical care of J.S. and will incur future medical costs on her behalf consistent with persons diagnosed with cerebral palsy.

WHEREFORE, Plaintiff J.S. , by her Next Friend Jamie Searcy, and Plaintiffs Jamie and Nathan Searcy, individually, seek judgment against Defendants, and each of them, jointly and severally, for such sums as are fair and reasonable, together with any and all costs herein incurred and expended, and for such other relief as the Court deems just and proper.

## COUNT II
### (Lost Chance of Recovery v. All Defendants)

COME NOW Plaintiff J.S. , by her Next Friend Jamie Searcy, and Plaintiffs Jamie and Nathan Searcy, individually, by counsel, and for Count II against Defendants, allege and state as follows:

50. Plaintiffs hereby incorporate by reference paragraphs one 1 through 49 above, exclusive of the prayer for relief in Count I, as if fully set forth herein.

51. At the time of the negligent acts and occurrences complained of herein and at all times mentioned, Plaintiff J.S. suffered from a medical condition that if promptly and properly cared for and treated, she held a statistically significant and material chance of gaining a full recovery.

52. Defendants acted negligently and carelessly in their care and treatment of Plaintiffs in the particular respects more fully set forth above.

11

53.     As a direct and proximate result of the negligence and careless of Defendants, as set forth more fully above, Plaintiff     J.S.     lost a statistically significant and material chance of a full recovery.

54.     Such lost chance of recovery was material and resulted in Plaintiff     J.S. suffering severe, permanent and devastating injuries as more fully set forth above. Such damages would not have been sustained or would have been minimized had Defendants not been negligent in the manner set forth above.

55.     As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiffs Jamie and Nathan Searcy have incurred past medical and other costs for the medical care of     J.S.     and will incur future medical costs on her behalf consistent with persons diagnosed with cerebral palsy.

WHEREFORE, Plaintiff     J.S.     , by her Next Friend Jamie Searcy, and Plaintiffs Jamie and Nathan Searcy, individually, by counsel, seek judgment against Defendants, and each of them, jointly and severally, for such sums as are fair and reasonable, together with any and all costs herein incurred and expended, and for such other relief as the Court deems just and proper.

## COUNT III
### (Negligent Retention/Credentialing v. Defendant Hospital)

COME NOW Plaintiff     J.S.     , by her Next Friend Jamie Searcy, and Plaintiffs Jamie and Nathan Searcy, individually, by counsel, and for Count III against Defendant Hospital, allege and state as follows:

56.     Plaintiffs hereby incorporate by reference paragraphs one 1 through 55 above, exclusive of the prayer for relief in Counts I and II, as if fully set forth herein.

12

57. At the time of the negligent acts and occurrences complained of herein and at all times mentioned, Defendant Hospital knew or should have known that Defendant Nielsen had a dangerous propensity for substandard medical care in the labor and delivery of babies which put newborn babies at increased risk of injury.

58. At the time of the negligent acts and occurrences complained of herein and at all times mentioned, Defendant Hospital knew or should have known that complaints had been filed regarding Defendant Nielsen to hospital administrators by patients and staff regarding the danger Defendant Nielsen posed to pregnant mothers and newborn babies from substandard care and injures he had thereby caused.

59. At the time of the negligent acts and occurrences complained of herein and at all times mentioned, Defendant Hospital knew or should have known that complaints had been filed regarding Defendant Nielsen to the Missouri Board of Healing Arts regarding the danger Defendant Nielsen posed to pregnant mothers and newborn babies from substandard care and injures he had thereby caused.

60. At the time of the negligent acts and occurrences complained of herein and at all times mentioned, Defendant Hospital knew or should have known that Defendant Nielsen had failed to comply with hospital policies and procedures concerning obstetrical practice and patient safety.

61. Defendant Hospital acted negligently in retaining Defendant Nielsen as an obstetrician to deliver babies considering his dangerous propensity for substandard care and increased risk of injury to newborn babies.

13

62.     At the time of the negligent acts and occurrences complained of herein and at all times mentioned, Defendant Hospital knew or should have known that complaints had been filed regarding Defendant Nielsen and his ability to perform VBAC deliveries.

63.     Defendant Hospital acted negligently in credentialing Defendant Nielsen to perform VBAC deliveries considering his dangerous propensity for substandard care and increased risk of injury to newborn babies.

64.     Despite the above, Defendant Hospital continued to allow Defendant Nielsen to deliver babies and perform VBAC deliveries without limitations.

65.     As a direct and proximate result of the negligence and careless of Defendant Hospital, Plaintiff     J.S.        was caused severe, permanent and devastating injuries as more fully set forth above.

66.     As a direct and proximate result of the negligence and carelessness of Defendant Hospital, Plaintiffs Jamie and Nathan Searcy have incurred past medical and other costs for the medical care of     J.S.        and will incur future medical costs on her behalf consistent with persons diagnosed with cerebral palsy.

WHEREFORE, Plaintiff     J.S.         , by her Next Friend Jamie Searcy, and Plaintiffs Jamie and Nathan Searcy, individually, by counsel, seek judgment against Defendant Hospital for such sums as are fair and reasonable, together with any and all costs herein incurred and expended, and for such other relief as the Court deems just and proper.

14

Respectfully submitted,

BARTIMUS, FRICKLETON, ROBERTSON
& GOZA, P.C.

BY

BRETT T. VOTAVA                    MO #51228

233 West 47th St.
Kansas City, MO 64112
(913) 266-2300        TEL
(913) 266-2366        FAX
bvotava@bflawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

CERTIFICATE OF SERVICE

I hereby certify that Request for Admissions, Request for Production, Notice for Deposition and
Interrogatories directed to each Defendant were filed along with the Petition for Damages.

Attorney for Plaintiffs

15